# EXHIBIT A

# State Court Filings

**THE KICK LAW FIRM, APC**
Taras Kick (State Bar No. 143379)
(Taras@kicklawfirm.com)
Roy K. Suh (State Bar No. 283988)
(Roy@kicklawfirm.com)
Daniel J. Bass (State Bar No. 287466)
(Daniel@kicklawfirm.com)
815 Moraga Drive
Los Angeles, California 90049
Telephone:  (310) 395-2988
Facsimile:  (310) 395-2088

Attorneys for Plaintiffs GREGORY
WALTERS and CHRISTI WALTERS,
individually, and on behalf of all others
similarly situated

**F I L E D**
San Francisco County Superior Court

OCT 1 5 2019

CLERK OF THE COURT
By:_____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

GREGORY WALTERS and CHRISTI
WALTERS, individually, and on behalf of all
others similarly situated,

Plaintiffs,

vs.

FAMOUS TRANSPORTS, INC, a Michigan
Corporation; PANTHER II
TRANSPORTATION, INC, an Arkansas
Corporation; ARCBEST LOGISTICS INC, an
Arkansas Corporation; ARCBEST
CORPORATION, a Delaware Corporation;
and DOES 1 through 100, inclusive,

Defendants.

CASE NO.: **CGC-19-579980**

**CLASS ACTION**

**COMPLAINT:**

1. Failure to Provide Required
   Meal Periods
2. Failure to Provide Required Rest Periods
3. Failure to Pay Overtime Wages
4. Failure to Pay Minimum Wage
5. Failure to Pay All Wages Due to
   Discharged or Quitting Employees
6. Failure to Maintain Required Records
7. Failure to Provide Accurate Itemized
   Statements
8. Failure to Indemnify Employees for
   Necessary Expenditures Incurred in
   Discharge of Duties
9. Unlawful Deductions from Wages
10. Breach of Contract
11. Breach of Covenant of Good Faith and
    Fair Dealing
12. Unfair and Unlawful Business Practices

**DEMAND FOR JURY TRIAL**

ORIGINAL

FAXED

1

CLASS ACTION COMPLAINT

## INTRODUCTION

PLAINTIFFS GREGORY WALTERS and CHRISTI WALTERS ("PLAINTIFFS") individuals, demanding a jury trial, on behalf of themselves and other persons similarly situated, hereby allege as follows:

## JURISDICTION AND VENUE

1.      The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFFS regularly worked in the State of California, and Defendants FAMOUS TRANSPORTS, INC, a Michigan Corporation; PANTHER II TRANSPORTATION, INC, an Arkansas Corporation; ARCBEST LOGISTICS INC, an Arkansas Corporation; ARCBEST CORPORATION, a Delaware Corporation; and DOES 1 through 50 inclusive (collectively "DEFENDANTS") regularly conduct business in California. Further, no federal question is at issue because the claims are based solely on California law.

2.      Venue is proper in this judicial district and the County of San Francisco, California because PLAINTIFFS, and other persons similarly situated, performed work for DEFENDANTS in the County of San Francisco, DEFENDANTS transact business in the County of San Francisco, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFFS, and other persons similarly situated, in the County of San Francisco.

## PLAINTIFF

3.      PLAINTIFFS are former drivers for DEFENDANTS who worked for DEFENDANTS in the State of California.

4.      PLAINTIFFS, on behalf of themselves and other similarly situated current and former drivers, including but not limited to those misclassified as independent contractors or owner-operators, who performed work for DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, bring this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all wages

2

1  due to discharged and quitting employees, failure to indemnify employees for necessary

2  expenditures and/or losses incurred in discharging their duties, failure to provide accurate

3  itemized wage statements, failure to maintain required records, and interest, attorneys' fees, costs,

4  and expenses.

5       5.     PLAINTIFFS bring this action on behalf of themselves and the following

6  similarly situated class of individuals ("CLASS MEMBERS"): all current and former drivers,

7  including but not limited to those misclassified as independent contractors, who performed work

8  for DEFENDANTS in the State of California at any time within the period beginning four (4)

9  years prior to the filing of this action and ending at the time this action settles or proceeds to

10 final judgment (the "CLASS PERIOD"). PLAINTIFFS reserve the right to name additional

11 class representatives.

12 **DEFENDANTS**

13      6.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT

14 FAMOUS TRANSPORTS, INC. is, and at all times relevant hereto was, a Michigan Corporation

15 organized and existing under the laws of the State of Michigan. PLAINTIFFS are further

16 informed and believe, and thereon allege, that DEFENDANT FAMOUS TRANSPORTS, INC.

17 conducts business in the State of California, but is not registered with the California Secretary of

18 State to conduct business in the State of California. Specifically, DEFENDANT FAMOUS

19 TRANSPORTS, INC. conducts business in and engages in illegal payroll practices or policies in

20 the State of California, including the County of San Francisco.

21      7.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT

22 PANTHER II TRANSPORTATION, INC. is, and at all times relevant hereto was, an Arkansas

23 corporation organized and existing under the laws of the State of Arkansas. PLAINTIFFS are

24 further informed and believe, and thereon allege, that DEFENDANT PANTHER II

25 TRANSPORTATION, INC. conducts business in the State of California and is registered with the

26 California Secretary of State to conduct business in the State of California. Specifically,

27 DEFENDANT PANTHER II TRANSPORTATION, INC. conducts business in and engages in

28 illegal payroll practices or policies in the State of California, including the County of San

CLASS ACTION COMPLAINT

Francisco.

8.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT ARCBEST LOGISTICS INC. is, and at all times relevant hereto was, an Arkansas corporation organized and existing under the laws of the State of Arkansas.  PLAINTIFFS are further informed and believe, and thereon allege, that DEFENDANT ARCBEST LOGISTICS INC. conducts business in the State of California and is registered with the California Secretary of State to conduct business in the State of California. Specifically, DEFENDANT ARCBEST LOGISTICS INC. conducts business in and engages in illegal payroll practices or policies in the State of California, including the County of San Francisco.

9.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANT ARCBEST CORPORATION is, and at all times relevant hereto was, a Delaware Corporation organized and existing under the laws of the State of Delaware.  PLAINTIFFS are further informed and believe, and thereon allege, that DEFENDANT ARCBEST CORPORATION conducts business in the State of California, but is not registered with the California Secretary of State to conduct business in the State of California. Specifically, DEFENDANT ARCBEST CORPORATION conducts business in and engages in illegal payroll practices or policies in the State of California, including the County of San Francisco.

10.     The true names and capacities of DOES 1 through 100, inclusive, are unknown to PLAINTIFFS at this time, and PLAINTIFFS therefore sues such DEFENDANTS under fictitious names.  PLAINTIFFS are informed and believe, and thereon allege, that each DEFENDANT designated as a DOE is highly responsible in some manner for the events and happenings referred to herein, and legally caused the injuries and damages alleged in this Complaint.  PLAINTIFFS will seek leave of the court to amend this Complaint to allege their true names and capacities when ascertained.  The DEFENDANTS, and each of them, were alter egos of each other and/or engaged in an integrated enterprise with each other.  Additionally, all of the DEFENDANTS were joint employers of PLAINTIFFS.

11.     There exists, and at all times herein mentioned existed, a unity of interest and ownership between the named DEFENDANTS, including DOES, such that any corporate

4

CLASS ACTION COMPLAINT

individuality and separateness between the named defendants has ceased, and that the named Defendants are alter egos in that the named DEFENDANTS effectively operate as a single enterprise, or are mere instrumentalities of one another.

12.    At all material times herein, each DEFENDANT was the agent, servant, co-conspirator and/or employer of each of the remaining defendants, acted within the purpose, scope, and course of said agency, service, conspiracy and/or employment and with the express and/or implied knowledge, permission, and consent of the remaining Defendants, and ratified and approved the acts of the other DEFENDANTS. However, each of these allegations are deemed alternative theories whenever not doing so would result in a contradiction with the other allegations.

13.    Whenever reference is made in this Complaint to any act, deed, or conduct of Defendants, the allegation means that DEFENDANTS engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives who was actively engaged in the management, direction, control, or transaction of DEFENDANTS' ordinary business and affairs.

14.    As to the conduct alleged herein, each act was authorized, ratified or directed by DEFENDANTS' officers, directors, or managing agents.

15.    At all relevant times herein, PLAINTIFFS and CLASS MEMBERS were employed by DEFENDANTS under contracts and employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFFS and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFFS and CLASS MEMBERS for necessary expenditures; failing to properly compensate PLAINTIFFS and CLASS MEMBERS for the correct percentage of deliveries; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor

CLASS ACTION COMPLAINT

Code and the applicable Welfare Commission ("IWC") Orders.

16.　　PLAINTIFFS are informed and believe, and thereon allege, that each and every of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

17.　　Pursuant to California Labor Code § 558.1, DEFENDANTS and any person acting on behalf of any of the DEFENDANTS, are liable for violating, or causing to violate, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802.

18.　　As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFFS have suffered, and continues to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

### JURISDICTION AND VENUE

19.　　The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFFS worked in the State California, and DEFENDANTS regularly conduct business in California.　Further, no federal question is at issue because the claims are based solely on California law.

20.　　Venue is proper in this judicial district and the County of San Francisco, California because PLAINTIFFS, and other persons similarly situated, performed work for DEFENDANTS in the County of San Francisco, DEFENDANTS regularly transact business in the County of San Francisco, and DEFENDANTS' illegal payroll policies and practices, which are the subject of this action were applied, at least in part, to PLAINTIFFS, and other persons similarly situated in the County of San Francisco.

### CLASS ACTION ALLEGATIONS

21.　　This action is appropriately suited for a Class Action because:

　　　　a.　　The potential class is a significant number.　Joinder of all current and former employees individually would be impractical.

6

CLASS ACTION COMPLAINT

b.    This action involves common questions of law and fact to the potential class because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all hourly employees in violation of the California Labor Code, IWC Wage Orders, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

c.    The claims of the PLAINTIFFS are typical of the class because DEFENDANTS subjected their drivers to the identical violations of the California Labor Code and California Business and Professions Code while systematically subjecting drivers to the same breaches of their agreements and covenants.

d.    PLAINTIFFS are able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

**CLASS ACTION**

**FIRST CAUSE OF ACTION**

**Failure to Provide Required Meal Periods**

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 9-2001, § 11]**

**(Against All DEFENDANTS)**

22.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

23.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees, including but not limited to those working as drivers, all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFFS and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFFS and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 9-2001, § 11.

24.    DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 9-2001, § 11 by failing to compensate PLAINTIFFS and CLASS MEMBERS who

were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

25.    DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 9-2001 by failing to compensate PLAINTIFFS and CLASS MEMBERS for all hours worked during their meal periods.

26.    As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 12]

### (Against All DEFENDANTS)

27.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

28.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFFS and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001, § 12.

29.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12 by failing to pay PLAINTIFFS and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

30.    As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

//

CLASS ACTION COMPLAINT

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 9-2001, § 3]**

**(Against All DEFENDANTS)**

31.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

32.     Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3, DEFENDANTS are required to compensate PLAINTIFFS and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

33.     PLAINTIFFS and CLASS MEMBERS are current and former non-exempt employees, including but not limited those working as drivers, entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001.  During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFFS and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFFS and CLASS MEMBERS worked; failing to properly maintain PLAINTIFFS' and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFFS for each pay period; and other methods to be discovered.

34.     In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFFS and CLASS MEMBERS for all

CLASS ACTION COMPLAINT

wages earned and all hours worked. As a proximate result, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

35. DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 9-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 9-2001, § 4]

### (Against All DEFENDANTS)

36. PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

37. Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 9-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

38. During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFFS and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFFS and CLASS MEMBERS worked; failing to properly maintain PLAINTIFFS' and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFFS and CLASS MEMBERS for each

CLASS ACTION COMPLAINT

pay period; and other methods to be discovered.

39.    DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 9-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1994.2, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged or Quitting Employees

### [Cal. Labor Code §§ 201, 202, 203]

### (Against All DEFENDANTS)

40.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

41.    Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

42.    Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

43.    California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

44.     During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFFS and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

45.     As a result, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

46.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699

## SIXTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 9-2001, § 7]

### (Against All DEFENDANTS)

47.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

48.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFFS and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 9-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

49.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.   Additionally, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties, including

1  but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5,

2  and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those

3  provided in California Labor Code § 226(e), as well as other available remedies

## SEVENTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

### [Cal. Labor Code §§ 226; IWC Wage Order No. 9-2001, § 7]

### (Against All DEFENDANTS)

8     50.    PLAINTIFFS incorporate herein by specific reference, as though fully set forth,

9  the allegations in the foregoing paragraphs.

10     51.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide

11  PLAINTIFFS and CLASS MEMBERS with timely, accurate, and itemized wage statements in

12  writing showing each employee's gross wages earned, total hours worked, all deductions made,

13  net wages earned, the name and address of the legal entity or entities employing PLAINTIFFS

14  and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the

15  corresponding number of hours worked at each hourly rate, in violation of California Labor Code

16  § 226 and IWC Wage Order No. 9-2001, § 7.

17     52.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed

18  to provide PLAINTIFFS and CLASS MEMBERS with timely, accurate, and itemized wage

19  statements in accordance with California Labor Code § 226(a).

20     53.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

21  PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at

22  trial, and seek all wages earned and due, plus interest thereon.  Additionally, PLAINTIFFS and

23  CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to

24  civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of

25  costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in

26  California Labor Code § 226(e), as well as other available remedies.

27  //

28  //

## EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against All DEFENDANTS)**

54.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

55.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

56.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFFS and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms, cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

57.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).  Additionally, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## NINTH CAUSE OF ACTION

**UNLAWFUL WAGE DEDUCTIONS**

**[Cal. Labor Code §§ 221, 222.5, 223, 400-410; IWC Wage Order No. 9-2001, § 8]**

**(Against All DEFENDANTS)**

58.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

59.     California Labor Code § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

60.     California Labor Code § 222.5 provides: "No person shall withhold or deduct from the compensation of any employee, or require any prospective employee or applicant for employment to pay, any fee for, or cost of, any pre-employment medical or physical examination taken as a condition of employment, nor shall any person withhold or deduct from the compensation of any employee, or require any employee to pay any fee for, or costs of, medical or physical examinations required by any law or regulation of federal, state or local governments or agencies thereof."

61.     California Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

62.     California Labor Code §§ 400-410 provide the limited circumstances under which an employer can exact a cash bond from its employees and are designed to protect employees from taking or misappropriating employee funds held by the employer in trust.

63.     IWC Wage Order No. 9-2001, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

64.     These and related statutes reflect California's fundamental and substantial public policy protecting employee wages.  Specifically, these and related statutes are designed to prohibit and prevent employers from using deductions or other similar practices to drive down the wage scale, indirectly paying employees less than the stated wage, subjecting employees to unanticipated or unpredicted reductions in their wages, making employees the insurers of their employer's business losses, or otherwise passing the ordinary business losses of the employer onto the employee.

65. During the CLASS PERIOD, DEFENDANTS routinely made unlawful deductions from the compensation paid to the PLAINTIFFS and CLASS MEMBERS for ordinary business expenses and losses without a showing that the expenses and/or losses were due to the PLAINTIFFS' and CLASS MEMBERS' dishonest or willful act, or to the gross negligence of the PLAINTIFFS and CLASS MEMBERS in violation of California Labor Code §§ 221, 222.5, 223, 400-410 and IWC Wage Order No. 9-2001, § 8.

66. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFFS and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, PLAINTIFFS and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## TENTH CAUSE OF ACTION

### Breach of Contract

### (Against All DEFENDANTS)

67. PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

68. PLAINTIFFS and CLASS MEMBERS performed work for DEFENDANTS under agreements that were partly written, partly oral, and partly implied, including but not limited to the promises by DEFENDANTS to pay PLAINTIFFS and CLASS MEMBERS for each mile driven in the completion of their duties.

69. PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS substantially misconstrued the price of transportation of deliveries made by PLAINTIFFS and CLASS MEMBERS that included, but was not limited to, paying based on a preset number of miles of shortened routes, including but not limited to those routes that PLAINTIFFS and CLASS MEMBERS could not even use given the weight of or number of axles on their trucks, and failing to pay PLAINTIFFS and CLASS MEMBERS the based on the true amount of miles

CLASS ACTION COMPLAINT

driven, leading to substantial underpayment for the benefit of DEFENDANTS.

70.     No agreement or contract provision authorized the aforementioned underpayment and PLAINTIFFS and CLASS MEMBERS performed all, or substantially all, of the obligations imposed on them under their agreements and contracts.

71.     Therefore, DEFENDANTS breached the terms of their agreements with PLAINTIFFS and CLASS MEMBERS.

72.     PLAINTIFFS and CLASS MEMBERS have sustained damages as a result of DEFENDANTS' breach.

### ELEVENTH CAUSE OF ACTION

**Breach of Covenant of Good Faith and Fair Dealing**

**(Against All DEFENDANTS)**

73.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

74.     PLAINTIFFS and CLASS MEMBERS performed work for DEFENDANTS under agreements that were partly written, partly oral, and partly implied, including but not limited to the promises by DEFENDANTS to pay PLAINTIFFS and CLASS MEMBERS for each mile driven in the completion of their duties.

75.     Under California law, in every contract or agreement there is an implied promise of good faith and fair dealing in performance of the contract, requiring that each party will not unfairly interfere with he right of any other party to receive the benefits of the contract.

76.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are: evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

77.     DEFENDANTS have breached the covenant of good faith and fair dealing in the contract through their policies and practices alleged herein. Specifically, DEFENDANTS substantially misconstrued the miles driven by PLAINTIFFS and CLASS MEMBERS by

CLASS ACTION COMPLAINT

utilizing map based, shortened routes, including but not limited to those routes that PLAINTIFFS and CLASS MEMBERS could not even use given the weight of or number of axles on their trucks, and failing to pay PLAINTIFFS and CLASS MEMBERS the based on the true amount of miles driven, leading to substantial underpayment for the benefit of DEFENDANTS.

78.     No agreement or contract provision authorized the aforementioned underpayment and PLAINTIFFS and CLASS MEMBERS performed all, or substantially all, of the obligations imposed on them under their agreements and contracts.

79.     PLAINTIFFS and CLASS MEMBERS have sustained damages as a result of DEFENDANTS' breach.

## TWELFTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 et. seq.]

### (Against All DEFENDANTS)

80.     PLAINTIFFS incorporate herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

81.     Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements and to maintain required records, DEFENDANTS' practice of making unlawful deductions from employees' wages, and DEFENDANTS' failure and refusal to indemnify PLAINTIFFS and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties constitutes unfair and unlawful business practices under California Business and Professions Code § 17200 et seq.

//

82.     DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFFS and CLASS MEMBERS.

83.     DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

84.     As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFFS, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFFS and CLASS MEMBERS.

85.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFFS and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFFS and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFFS and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFFS, individually and on behalf of all other persons similarly situated, by their attorneys, respectfully pray for relief against DEFENDANTS and DOES 1 through 100, inclusive, and each of them, as follows:

1.      For compensatory damages in an amount to be ascertained at trial;

2.      For restitution of all monies due to PLAINTIFFS, including the value of the unlawfully converted tips, as well as disgorged profits from the unfair and

CLASS ACTION COMPLAINT

unlawful business practices of DEFENDANTS;

3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 9-2001;

4. For liquidated damages pursuant to California Labor Code § 1194.2;

5. For preliminary and permanent injunction enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful and unfair business practices complained of herein;

6. For actual and/or statutory damages and/or penalties pursuant to California Labor Code § 226(e);

7. For waiting time penalties pursuant to California Labor Code § 203;

8. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by California Labor Code §§ 226(e) and 2699;

9. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, and 2802, California Civil Code §§ 3287, 3288, and 3336, and/or any other applicable provision providing for pre-judgment interest;

10. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699 and 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

11. For declaratory relief;

12. For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action as a class action;

13. For an order appointing PLAINTIFFS as class representative, and PLAINTIFFS' counsel as class counsel; and

14. For such other and further relief that the Court may deem just and proper.

//

//

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a jury trial with respect to all issues triable of right by jury.

DATED: October 15, 2019

Respectfully submitted,

**THE KICK LAW FIRM, APC**

By: _____

Taras Kick
Roy K. Suh
Daniel J. Bass
Attorneys for Plaintiffs GREGORY
WALTERS and CHRISTI WALTERS,
individually, and on behalf of all others
similarly situated

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Taras Kick (State Bar No. 143379), Roy K. Suh (State Bar No. 283988)
Daniel J. Bass (State Bar No. 287466)
815 Moraga Drive
Los Angeles, California 90049
TELEPHONE NO.: (310) 395-2988   FAX NO.: (310) 395-2088
ATTORNEY FOR *(Name):* Gregory Walters and Christi Walters

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

OCT 15 2019

CLERK OF THE COURT
BY: Angela Smith
Deputy Clerk

CASE NAME:
WALTERS et al v. FAMOUS TRANSPORTS, INC, et al

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-19-579980  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive

4. Number of causes of action *(specify):* 12

5. This case [✓] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/15/2019

Daniel J. Bass
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex)*
    Other Civil Complaint
        (*non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FAMOUS TRANSPORTS, INC, a Michigan Corporation; (Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GREGORY WALTERS and CHRISTI WALTERS, individually, and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*); your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*: San Francisco County Superior Court<br>400 McAllister St, San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-19-579980 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
Taras Kick, Roy Suh, and Daniel J. Bass, 815 Moraga Drive Los Angeles, California 90049, (310) 395-2988

| DATE:<br>*(Fecha)* OCT 15 2019 | CLERK OF THE COURT | Clerk, by<br>*(Secretario)* _Angelica Drogo_ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO
EUREKA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

ORIGINAL

FAXED

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| GREGORY WALTERS et al. v. FAMOUS TRANSPORTS, INC et al. | |

INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (Check only one box. Use a separate page for each type of party):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

PANTHER II TRANSPORTATION, INC, an Arkansas Corporation; ARCBEST LOGISTICS INC, an Arkansas Corporation; ARCBEST CORPORATION, a Delaware Corporation; and DOES 1 through 100, inclusive

Page ___2___ of ___2___

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.USCourtForms.com

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **MAR-18-2020** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

---

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**