**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GREGORY WALTERS, ET AL.,**<br>Plaintiffs,<br>vs.<br>**FAMOUS TRANSPORTS, INC., ET AL.,**<br>Defendants. | CASE NO. 4:19-cv-08016-YGR<br><br>**ORDER DENYING MOTION TO REMAND**<br>Re: Dkt. No. 17 |

Plaintiffs Gregory Walters, and Christi Walters bring this putative class-action lawsuit against defendants Famous Transports, Inc. ("Famous"), Panther II Transportation, Inc. ("Panther II"), ArcBest Logistics, Inc. ("ArcBest Logistics"), and ArcBest Corporation ("ArcBest") for: failure to provide (1) required meal periods, and (2) required rest periods; failure to pay (3) overtime wages, (4) minimum wage, and (5) all wages due to discharges or quitting employees; (6) failure to maintain records; (7) failure to provide accurate itemized statements; (8) failure to indemnify employees for necessary expenditures incurred in the discharge of duties; (9) unlawful deductions from wages;[1] (10) breach of contract; (11) breach of covenant of good faith and fair dealing; and (12) unfair and unlawful business practices in violation of the California Unfair Competition Law ("UCL")  (Dkt. No. 1-1 (Class Action Complaint ("CAC")) ¶¶ 22-85.) Defendants removed the case to this Court on December 6, 2019.  (Dkt. No. 1 ("Removal").)

---

[1] Plaintiffs allege violations of California Labor Code §§ 201, 202, 203, 221, 222.5, 223, 226, 226.7, 400-410, 510, 512, 1174, 1194, 1197, 1198, and 2802, as well as violation of Industrial Welfare Commission ("IWC") Wage Order No. 9-2001 §§ 3, 4, 7, 8, 11, and 12.

1   Now before the Court is plaintiffs' motion to remand.[2] (Dkt. No. 17 ("Remand").) Having

2   carefully considered the pleadings and the papers submitted, and for the reasons set forth more

3   fully below, the Court hereby **DENIES** plaintiffs' motion to remand.

**I.   BACKGROUND**

On October 15, 2019, plaintiffs filed this putative class-action lawsuit against defendants in the Superior Court of the State of California, County of San Francisco, captioned *Walters, et. al. v. Famous Transports, Inc., et. al.*, Case No. CGC-19-579980 (the "State Court Action"). (*See* CAC.) Plaintiffs' CAC asserts class claims against defendants as set forth above.

The CAC defines the putative class as follows:

> "[A]ll current and former drivers, including but not limited to those misclassified as independent contractors, who performed work for DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD")."

(CAC ¶ 5.) As noted in the class definition, the statutory period begins four years prior to the filing of the action to the date of final judgment. (*Id*.) The CAC does not allege the amount of monetary damages sought by the class, consistent with California practice.

Defendants filed their notice of removal on December 6, 2019, asserting jurisdiction pursuant to 28 U.S.C. Section 1441 based on original jurisdiction as provided by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d). (Removal ¶ 11.) In so filing, defendants alleged that the amount in controversy was "over $5,000,000." (*Id.* ¶ 5.)

On January 7, 2019, plaintiffs filed the instant motion for remand citing three grounds: namely, that defendants failed (1) to provide evidence or even allege that the purported 100 putative class members ever drove in California as specified in Plaintiffs' class definition; (2) to proffer evidence that the amount in controversy exceeds $5,000,000; and (3) to meet their burden

---

[2] The Court has reviewed the papers submitted by the parties in connection with plaintiffs' motion to remand. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728-29 (9th Cir. 1991). Accordingly, the Court **VACATES** the hearing scheduled for February 11, 2020.

2

1  of proof showing that the amount in controversy exceeds $5,000,000.  (Remand at 2.)  In

2  plaintiffs' reply, plaintiffs concede that, in light of the evidence filed alongside the opposition,

3  (Dkt. No. 18 ("Opposition")) defendants have now sufficiently demonstrated that there are more

4  than 100 putative class members; however, plaintiffs the remaining two grounds.  (Dkt. No. 19

5  ("Reply") at 2.)  Specifically, plaintiffs aver that defendants have inappropriately calculated the

6  amount by aggregating all deductions defendants made from the plaintiffs' and the class members'

7  pay, rather than by limiting the amount of plaintiffs' deductions claims to work performed in the

8  State of California.  (*Id.*)

## II. LEGAL STANDARD

"Federal courts are of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).  Accordingly, there is a "strong presumption against removal jurisdiction" when evaluating a motion to remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction is upon the party seeking removal."  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  CAFA does not shift the burden to establish subject matter jurisdiction of a removed putative class action; thus, that burden remains with the party seeking removal.  *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

## III. ANALYSIS

Under CAFA, federal district courts have jurisdiction over class actions where the amount in controversy exceeds $5 million, there are more than 100 putative class members, and "any member of a class of plaintiffs is a citizen of a [s]tate different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  As in the present case, "[w]here the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met."  *Abrego Abrego*, 443 F.3d at 683 (internal citations omitted).  In other words, "[u]nder this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the jurisdictional amount

3

requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). *See also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) ("[W]e require a removing defendant to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of evidence. We also require the defendant to make this showing with summary-judgment type evidence[.]").

A court must determine the appropriateness of removal "on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017) (internal quotations omitted). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Fritsch*, 899 F.3d at 793. The existence of defenses, even valid defenses, cannot defeat the amount that a complaint, by its allegations, places in controversy. *See Pugh v. Metro. Life Ins. Co.*, No. 18-cv-01506-YGR, 2019 WL 484279, at *3-6 (N.D. Cal. Feb. 7, 2019). Finally, courts routinely reject a defendant's amount-in-controversy calculation where a defendant makes assumptions in calculating the total amount in controversy that are not rooted in or supported by the allegations of the complaint. *See, e.g.*, *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107 (C.D. Cal. 2010); *Pereira v. Gate Gourmet, Inc.*, Case No. 08-07469 MM (PJWx), 2009 WL 1212802 (C.D. Cal. Apr. 30, 2009); *Zackaria v. Wal-Mart Stores, Inc.*, Case No. EDCV 11-01418 VAP (DTBx), 2011 WL 6065169, at *3 (C.D. Cal. Dec. 5, 2011).

Plaintiffs do not challenge the sufficiency of the evidence introduced by defendants, only the nature of the calculations. (*See* Reply at 2 ("Defendants have finally bothered to introduced facts within Defendants' subjective knowledge via affidavit or declaration in an attempt to establish that . . . the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.").) Plaintiffs aver that defendants erred in "calculating the *purported* amount in controversy with overinclusive amounts *not in controversy*[.]" (*Id.* at 7.) Specifically, plaintiffs, citing *Tidewater Marine W, Inc. v. Bradshaw*, 14 Cal.4th 557 (1996) and *Sullivan v. Oracle Corp.*, 51 Cal.4th 1191 (2011), contend that California labor laws – except for those class members who are California residents – do not apply beyond the borders of the state of California. (*Id.* at 3-4.) Further, plaintiffs argue that the class definition, and the allegations

4

1 mirroring California labor laws, supports a narrow interpretation that plaintiffs are only seeking to
2 recover for amounts incurred in California and by California residents.

3     Notwithstanding plaintiffs' arguments to the contrary, the allegations of the CAC makes no
4 distinction between the recovery of amounts performed within California, and amounts performed
5 outside of California. (*See generally* CAC.) In other words, the CAC includes no geographic
6 limitation as to the recovery of these amounts. Indeed, the allegations within each claim include
7 overinclusive language suggesting the recovery of *all* incurred amounts. (*See, e.g.*, CAC at ¶¶ 23
8 ("illegal payroll policies and practices to deprive their non-exempt employees . . . all wages earned
9 and due"), 28 (substantively same), 32 ("DEFENDANTS are required to compensate
10 PLAINTIFFS and CLASS MEMBERS for all overtime"), 38 ("DEFENDANTS failed to pay
11 PLAINTIFFS and CLASS MEMBERS for all hours worked"), 44 ("DEFENDANTS have
12 willfully failed to pay accrued wages and other compensation to PLAINTIFFS and CLASS
13 MEMBERS"), 56 ("DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFFS
14 and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of
15 the discharge of their duties while working under the direction of DEFENDANTS").) As noted, a
16 court limits its consideration as to the amount in controversy to the allegations in the complaint at
17 the time of removal, and further to the maximum relief available under those allegations. *See*
18 *Broadway Grill,*, 856 F.3d at 1277; *Fritsch*, 899 F.3d at 793. Thus, the Court agrees that
19 defendants' calculations, including all relief available to class members for work performed in and
20 outside the state of California, are appropriately based on the allegations in the CAC.

21     Plaintiffs' arguments to the contrary do not persuade. First, the Court rejects plaintiffs'
22 arguments that the narrow class definition supports its interpretation of the allegations that the
23 relief sought is limited to California. Though the proposed class definition limits the *membership*
24 of the class to drivers who, at some point, performed work *in California*, as discussed, nothing in
25 the CAC limits the geographic reach of the conduct that plaintiffs' claim violated California law
26 and the damages they seek for that allegedly unlawful conduct. Second, plaintiffs' own
27 arguments, that damages are limited to only work performed in California but also include work
28 performed by California residents in other states, is unsupported by the allegations of CAC. These

arguments illogically seek to carve out an exception – here, work performed by non-California citizens out of the state of California – that is otherwise not supported by the allegations. Plaintiffs cannot now escape their inartful pleadings as to the geographic scope of damages incurred by the class with post-hoc arguments and characterizations.

Accordingly, because the Court has concluded that defendants have appropriated based their calculations as to the amount in controversy on the allegations in the CAC, the Court **DENIES** plaintiffs' motion to remand.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiffs' motion to remand. In accordance with the parties' stipulation, (Dkt. No. 10) defendants **SHALL** file a responsive pleading to the operative complaint within fourteen (14) days of this Order.

This Order terminates Docket Number 17.

**IT IS SO ORDERED**.

Dated: February 7, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**